[643 NYS2d 1015]

In the Matter of PAUL DRAGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 10, 1996

### APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for petitioner.
*Richard E. Grayson,* White Plains, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the respondent is charged with seven allegations of professional misconduct. The Special Referee

sustained all seven charges. The Grievance Committee now moves to confirm the report of the Special Referee. The respondent's counsel has submitted an affirmation in response in which he asks that the findings of the Special Referee, as they relate to mitigating circumstances, be taken into account and that the discipline imposed upon the respondent be limited to a public censure.

The petition served by the Grievance Committee upon the respondent contained seven allegations of professional misconduct, including neglect of two legal matters entrusted to him, engaging in conduct adversely reflecting on his fitness to practice law, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, engaging in conduct which is prejudicial to the administration of justice, and failure to cooperate with the Grievance Committee. All seven charges emanate from two matters, an insurance claim, in which the respondent was retained by the Essex Insurance Company to represent its insured, Prime Time Dinner Club, Inc. (Charges 1 through 4), and a matrimonial matter (Charges 5 through 7).

The respondent, his counsel, and Grievance Counsel signed a stipulation whereby the respondent admitted the seven charges and specifications, as amended.

Based on the respondent's admissions and the evidence adduced, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the respondent asks the Court to consider the severe health problems with which he was consistently beset from approximately 1982. These included the respondent's vision, vocal chord, and sinus problems which required a series of surgeries, his father's death from pancreatic cancer, and complications relating to his wife's pregnancies.

We have also considered the respondent's assertions that he has modified his law practice by no longer accepting matrimonial matters, that he has begun controlling his health problems by adhering to intensive medical care, and that he has curtailed his numerous community activities in an effort to better manage his professional and personal affairs. The two Letters of Admonition and the Letter of Caution previously issued to the respondent by the Grievance Committee emanated from the same period of time during which the respondent experienced the severe family problems and medical pressures which he now offers in mitigation of his professional misconduct. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., BALLETTA, MILLER, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Paul Drager, is hereby censured.